## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS CUMMINGS-EL, | : | CIVIL ACTION NO. 1:26-CV-191 |
| | : | |
| Petitioner | : | (Judge Neary) |
| | : | |
| v. | : | |
| | : | |
| WARDEN OF FCI-SCHUYLKILL, | : | |
| | : | |
| Respondent | : | |

### MEMORANDUM

This is a habeas corpus case filed under 28 U.S.C. § 2241. Petitioner, Thomas Cummings-El, seeks a writ of habeas corpus compelling the United States Bureau of Prisons ("BOP") to grant him a sentence reduction based on his completion of the BOP's Residential Drug Abuse Program ("RDAP"). The petition will be denied.

## I.    Factual Background & Procedural History

Cummings-El is serving a 72-month criminal sentence imposed by the United States District Court for the District of Maryland for conspiracy to distribute and possess with intent to distribute controlled substances in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846. (Doc. 7-2 at 2). He filed this case on January 28, 2026, asserting that he is enrolled in the RDAP but that he has been told he will not receive credit towards his sentence for completion of the program because the crimes for which he was convicted render him ineligible for the credit. (Doc. 1). Cummings-El asserts that the BOP is improperly deeming his convictions crimes of violence and that this is an improper categorical denial of RDAP credit. (Id.)

Respondent responded to the petition on March 2, 2026, arguing that it should be dismissed because Cummings-El failed to exhaust administrative remedies and because it fails to present a cognizable claim for habeas relief, or, alternatively, that it should be denied on its merits. (Doc. 7). Cummings-El filed a reply brief in support of the petition on May 26, 2026, making it ripe for review. (Doc. 8).

## II.    Discussion

The BOP's management of the RDAP is governed by 18 U.S.C. § 3621. When an inmate successfully completes the RDAP, his sentence "may be reduced by the Bureau of Prisons," for up to one year. Id. § 3621(e)(2)(B). Pursuant to its authority under the statute, the BOP has passed a regulation categorically excluding certain classes of inmates from receiving sentence reductions when they complete the RDAP. See 28 C.F.R. § 550.55. Among other classes, inmates who have been convicted of a "[a]n offense that involved the carrying, possession, or use of a firearm" or "[a]n offense that, by its nature or conduct, presents a serious potential risk of physical force against the person or property of another" are precluded from receiving an RDAP sentence reduction. Id. §§ 550.55(b)(5)(ii)(iii). In this case, the BOP found Cummings-El ineligible for RDAP credit pursuant to Section 550.55(b)(5) because, based on its review of his offense conduct, it concluded that he used a firearm in committing the offense. (Doc. 7-2 at 3).

Cummings-El argues that the BOP has improperly deemed his convictions "crimes of violence" and that this is an improper basis to deny his RDAP credit. This argument is controlled—and precluded—by Lopez v. Davis, 531 U.S. 230 (2001).[1]

In Lopez, the Court considered a challenge to an earlier version of the BOP regulation at issue in this case. Lopez, 531 U.S. at 233. The language of the earlier version differed from the current version in some respects, but the operative language barring inmates convicted of a crime involving "the carrying, possession, or use of a firearm" from receiving an RDAP sentence reduction remained the same. See id. In considering the petitioner's challenge to the regulation, the Court held that the BOP's discretion to decide whether an inmate's sentence should be reduced for successful completion of the RDAP allows the BOP to categorically exclude certain classes of inmates from receiving RDAP sentence reductions. Lopez, 531 U.S. at 243-44 ("'Even if a statutory scheme requires individualized determinations,' which this scheme does not, 'the decisionmaker has the authority to rely on rulemaking to resolve certain issues of general applicability unless Congress clearly expresses an intent to withhold that authority.'" (cleaned up) (quoting Am. Hosp. Ass'n v. NLRB, 499 U.S. 606, 612 (1991))). The Court then upheld the BOP's categorical denial of RDAP sentence credits to inmates convicted of crimes involving firearms as a reasonable use of its discretion under 18 U.S.C. § 3621 and accordingly denied the petitioner's challenge to the regulation. Lopez controls this

---

[1] The court does not address respondent's exhaustion and cognizability arguments in the interest of judicial economy because Cummings-El's claim clearly fails on its merits under Lopez.

court's analysis and compels the court to deny Cummings-El's petition because it upholds the validity of an earlier regulation that is identical in all relevant respects to the regulation Cummings-El challenges.

Cummings-El argues to the contrary that the BOP's regulation is based on an impermissible construction of his conviction as a crime of violence. (Doc. 1). This is incorrect. As the Lopez Court explained, the BOP's 1995 version of the relevant regulation enumerated certain crimes that barred inmates from receiving RDAP sentence reductions because they qualified as "crimes of violence," but in 1997 the BOP amended its regulatory structure to instead "rel[y] upon the discretion allotted to the Director of the Bureau of Prisons in granting a sentence reduction to exclude enumerated categories of inmates." Lopez, 531 U.S. at 233-34.

The present regulation preserves this structure: it denies RDAP credit to inmates convicted of certain crimes not because they are "crimes of violence," but rather simply as an exercise of the discretion granted to the BOP by Section 3621. See 28 C.F.R. 550.55. This use of discretion is permissible under Lopez. 531 U.S. at 244. Accordingly, because Lopez controls this court's analysis and compels the conclusion that the BOP's categorical refusal to grant RDAP sentence reductions to inmates convicted of crimes involving the use of firearms is valid, the habeas petition will be denied.

4

## III.    Conclusion

The petition for writ of habeas corpus is denied. An appropriate order shall

issue.

<div style="margin-left: 40%;">

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

</div>

Dated:    May 27, 2026